May it please the court, I'm Andrew Cuddy, attorney for the parent, Stephanie Johnson. These two cases involve two students with multiple disabilities, a single black parent, and a school district and state education department that has deprived the parent of her IDEA procedural protections, which include having a hearing in front of the school hearing office to address the dispute over the free and appropriate public education that the parent believes that her daughters were denied. Let's remember the IDEA has granted parents special rights in the decision-making related to their child. They are a member of the IEP team and a member that is granted with special powers to bring it through process challenge to determine whether or not the school is providing the student a free and appropriate public education. Here, a member of the team tested the distance inclusion. Counsel, could I stop you because I appreciate you give me the background, but I kind of want to get into a couple of things right off the bat. I'd like your position on this. Is it required that for mootness purposes that the complaint allege facts that show your claim is not moot? I mean, do we look at the complaint for that? Your honor, this case, these two cases took an unusual turn. Typically in an IDEA case, the record is developed at the administrative hearing and then when it does arrive at the record available to them. But this case is the only case out of the thousands that I've been involved in where that hearing was denied to the parent. So when we went to the district court, we were seeking to have a remand so that that administrative record would be made. Yeah, and I want to make sure you understand. I'm not saying whether you have to ask for, for example, compensatory education. I know that's talked about a lot. I'm actually asking a slightly different question, which is whether the facts that you allege, whether you label them compensatory education or not, do you need to allege facts in your complaint that would allow for recovery either in the district court or upon remand in order to avoid mootness issues? I do not believe we needed to allege them in our complaint to the district court because our complaint was based on the denial of due process that occurred below. And in the complaints below, had it been remanded, those requests for relief were incorporated in those complaints. But you didn't, you didn't request compensatory education relief for AJ below. That is correct. That is correct, Your Honor. But what we did request was an independent educational evaluation, which the district did not provide. And it was necessary for us to get that IEE so that we would have the facts and the proof in regards to a compensatory educational claim. The IEE is a key element in both these cases in that the IDEA requires when a parent requests an IEE. Can I just make sure I'm clear on the fact that you suggested there? So for AJ, the complaint, which is the form, doesn't say compensatory education. But in the proceedings before the agency, you did request compensatory education orally. Yes. Do you think that oral request, given the nature of these proceedings, sufficed? Yes, I do, Your Honor. And one of the reasons is because in these cases, a hearing officer that is hearing the case has the authority to order that independent educational evaluation to be conducted during the proceedings. And it's that IEE that would have been providing the proof to the parent in regards to compensatory education. Or, alternatively, had the hearing been held, if I just may finish the sentence, had the hearing been held. Counsel? No, that's okay. It's just a long sentence. I was waiting for the end. I apologize. You want to finish it? That's fine. Had the IEE been done during the course of the hearing, the parent would have also had the opportunity to initiate a separate hearing on the compensatory educational issue. So she was cut off from that as well. Okay. Mr. Cuddy, are you familiar with our case of Kirkpatrick v. Lenoir County Board of Education, 2000? I believe so, Your Honor. Okay. And if you could, just by way of slight refresher, Kirkpatrick talks, makes the distinction that cases such as the one we have before us are here as a civil action, not as an appeal. And that explains that the district court may consider additional evidence, explains the district court's not limited to the parameters under the administrative agency, but does say that the IDA action is not converted into an appeal. And part of that is concerns for federalism. You have a state agency here in a federal court. And so how do you then get the issue of compensatory education before this court when it was not brought up before the district court, and we're under the holding of Kirkpatrick, the action in the district court is a new civil action. It is not an appeal of the administrative agency case and encapsulating what came before the administrative agency. Yes, Your Honor. I think that's a very interesting question. And I think if we were to look at Winkleman v. Parma, the Supreme Court case that was solely addressing the parent's right to represent the case on behalf of her child, in that case, that was only related to that issue. And it wasn't addressing the substantive issues because the procedural rights here that are afforded the parent under the IDEA are the key to the whole scheme of the IDEA and how a child's faith is arriving. Right, but Kirkpatrick is talking about the construct of what we have in front of us, what you were asking the district court to do, what you were asking us to do on appeal from the district court, and separating that from the concept of what took place in front of the agency. And that you don't automatically get the grab bag of what you are saying. I think this is a very unique situation that has arisen out of North Carolina, where the process itself was broken so that the necessary elements that involve the experts who that information getting before the court. But the whole procedural process broke down and the parent was denied her due process rights in this situation. Counsel, let me follow up on Judge Keenan's question. It kind of related to my first question because it appears to me in your district court complaint, you allege facts that would form the basis of your claim for compensatory education. You don't then seek in your prayer for relief compensatory education, you seek remand. And I think Judge Keenan has a point that it's hard for me to see how a district court can operate if they somehow have to look at all the pages of an administrative proceeding in a state administrative proceeding below. I think that's point of Kilpatrick and makes a lot of sense. But if but if you're for mootness purposes, if you allege facts in your complaint that you would form the basis of compensatory education and then seek remand and annulment. Yeah. Why isn't that? I would think that would be your answer, not that this is just a unique case that you can't do it. Your Honor, what the scheme of the IDEA allows for this process in front of hearing officers who are trained in the IDEA and the educational application of programs to students, which is not something that a district court has the expertise to do. So our hope here was to have it remanded so that that input from those professionals would be making the decision and arriving at a fate for a student. What didn't happen in this case is that none of that input from those people arrived to the district court because the parent was prevented from putting on a record of the case and putting on her proof and the hearing herself, the administrative law judge, actually assigned the drafting of the decision to the school district attorney. She didn't even make an independent decision. Counsel? Yes. Thank you. I'm sorry to interrupt you. So I guess what I'm going back to Judge can either seek to have the district court make those determinations as a matter of first, as a first matter. Or it can, in that case, you would seek compensatory education and you'd ask the district court to grant the precise remedy. Or you can ask the district court to issue a decision that the agency, the state agency violated your rights and is required to do it again. Did you have that option? Is that the suggestion? And that's why this is not like Kirkpatrick. In this case, I don't think it is. I wouldn't classify it as an option in this case because the administrative process was was not adhered to bringing it to the district court for a typical de novo review, which would happen if had the administrative process been adhered to, would have been the normal course of business in a special education appeal to the district court. But in this case, I understand you think a district court is incapable of doing that, but district court judges are quite good. They deal with all kinds of interesting and difficult issues. And so I'm not sure why they could not. I don't know that they're required to, but I'm having a hard time understanding why they could not make the determination of precisely what you were entitled to for continuing education or IE or anything else. It's a statute. They apply facts to statutes. I understand that, your honor, but the facts in the record below had not been developed. And for example, going back, you would develop them in the district court. That's the point. But going, you would have a trial. You would have discovery. You would have a trial. You would develop the facts in district court, just like you could develop them in the agency. I'm just not, I'm not sure I understand your, you're saying you don't have that option. I think you have either option, but I don't understand why you think you do not have it. Going back to that IE issue that was involved in both cases. I don't believe when we're at the district court level, we would have had the ability to get that IE. That is something that the district has to grant or has to be awarded at that level. You think the district court lacks the power to order an IE? I'm not saying it lacks the power, your honor. I'm just saying that at the administrative level, it was a responsibility of the hearing officer. I admit, your honor, this is an unusual circumstance. I've not had a case like this where there was never an administrative hearing. This is the first time I've experienced it. And I believe the procedural violations need to be addressed and there needs to be a recognition that that administrative hearing has to take place and recognize the parent's right to participate in that hearing process. Do you have anything further? Yes, a couple more things, your honor. On the issue of the procedural violations, there were a number that occurred that were not addressed. One was the IEE. There were parental participation and notice issues that also occurred that were not addressed by the hearing officer. There was an erroneous determination about the statute of limitations as it applies to the IEE that was critical here. Both the hearing officer and the state review officer erred in that regard. There's an illustrative case that trumbled the Connecticut case where the recognition was that the IEE request is not subject to the statute of limitations because it's not invoking legal action. It's a request for an IEE and therefore a statute of limitations application to that is an error. We'll hear from your colleagues. Mr. Campbell? Yes, your honor. Thank you very much. Can you hear me okay? We can. Excellent. Good afternoon. Hey, police and court. My name is Chris Campbell and along with my co-counsel Chris Cottle, we will be addressing the two independent grounds from the trial court below as to why these cases both lack subject matter jurisdiction. Specifically, I will be addressing the issue of the children moving away and the impact on subject matter jurisdiction. My co-counsel, Mr. Cottle, is going to address the fact that the parties voluntarily agreed to alter their claims as well. Those were two independent claims from the district court below, so we will be addressing both of those claims. Your honors, I think it's... Can I start maybe just with this question? If you assume hypothetically, and it's a hypothetical so don't fight it, that the decision of the agency was vacated by the district court. So we sent it back and the district court vacates that decision for due process or something else. Purely hypothetical. Could Ms. Johnson and both AJ and TS seek compensatory education as a result of the delay that CMS had in both granting an IEE for TS and not amending the IEP for AJ? Sorry, a lot of initials there. But in the agency, if it was a vacate and remand or vacate from the district court, could they not seek continuing education as a result of the delay that CMS had? Might not be much, right? Because it was a very short delay, right? Sort of, let's call it August to November, whatever the time frame is. But there was some delay. Correct. And could they not seek CE in that context? Your honor, so let me address that if I can by answering it specific to each child. Let's take AJ first. AJ had an IEP. And the question then, whether or not there were additional evaluations. If there is a delay in conducting those additional evaluations, that's a procedural violation of the IDEA, would be the argument. And it would still be the job of the plaintiff to show that it impacted the child's education. So that would be the standard that would be used if the cases were remanded. And if he met that standard, and these are just, you know, this is a hypothetical. Right. If he met that standard and he said there was a delay and it was your fault, not you personally, but it was CMS's fault, and that it had a substantive impact because I would have gotten more speech therapy than I would have otherwise, than what I got, then at least theoretically, he could seek compensatory education for that delay. Correct. Okay. And then, all right, so now that's AJ. So now do me, do me TS. Okay. TS is a little different. TS, you have to look at the Supreme Court precedents, including Forest Grove and everything else. A child is not entitled, excuse me, to any protections under IDEA until they're deemed eligible. So the way that works is that if the school district decides to not evaluate a child, then a lot of times they want to try classroom interventions or do other things to see whether or not the child responds. If a parent disagrees with that, they can bring due process. The child is then evaluated. If the child is conceded, at that point, there may be a compensatory ed claim for the delay that would be right if the child is in fact eligible. If the child is, and if I could just finish, if the child is determined not to be eligible, then all of the cases, including Forest Grove, there's been no deprivation of a federal right. I totally get that, right? But the point of that is there is a set of agency could award compensatory education to Ms. Johnson and both kids under a certain set of facts as a result of the delay, assuming lots of other things could be proven. Correct. And I think the reason that that is important in this particular case is because when we look at the decision and whether or not on a remand they would be able to look at that, the question becomes for the court to resolve at that point when it goes back is, are those facts there, like you said, to substantiate that particular claim? Now, when it goes to federal court and the child has moved away, it does change the analysis on what that administrative court can do. For example, you can't do an evaluation of a child who doesn't live there anymore. Totally fair, but the agency could still order CMS to provide compensatory education services to make up for the delay, again, hypothetically, that existed. Right. They could order that compensatory education from CMS, even though these students are now in the Craven County school system. Yes. If there was a deprivation at a point in time that the court determined deprived them of their right to a free and appropriate public education, yes. Thank you. That's helpful. Absolutely. If I may, Your Honors, I would like to address Judge Keenan's point on Kirkpatrick. First, Kirkpatrick says exactly what Judge Keenan had said that the was original jurisdiction and felt that there is no inherent appellate jurisdiction. That's why in these cases and all of the circuit cases that we have cited in this particular case, it is, in response to Judge Quattlebaum's question, not only do you have to allege facts that would support a compensatory education claim, but you must bring that forward as the plaintiff because this is not an appeal. This is an original action that, like any other lawsuit in federal court in the United States of America, it is the job of the plaintiff to bring forward a viable cause of action. Mr. Campbell, let me jump in. Your Honor, taking that as true, it seems to me it's important that we be careful in distinguishing between 12B6 and 12B1 mootness. I get there may be 12B6 issues in the complaint, you know, you kind of hinted at a couple of things that might be problematic, but they do allege in this complaint deficits in education provided that seem to at least create the possibility of theory for compensatory education. Now, they don't ever say, I want the district court to award that. They want it remanded. But it seems like in the complaint, there are references to the delays and the deficits that were experienced from a pure mootness standpoint indicate they're talking about those deficits and delays and I'm having trouble seeing, you know, why they, why it would be moot in light of that. I mean, there may be problems about whether they've adequately pled it, but it seems to me they've pled facts that would maybe overcome mootness. And then your answers to Judge Richardson's question, you know, seem to confirm there's situations where they could be granted that relief. So I'm just having trouble with the mootness issue. Maybe not the ultimate success, but the mootness issue. Yes, sir. And I understand that completely, Judge Quattlebaum. Let me, let me answer it this way. I believe your question is that the Fourth Circuit, this court could fashion a decision in this case that would say that if the facts support a cause for compensatory relief, if the facts show a deprivation under IDEA, then the court can retain jurisdiction without the plaintiff specifically bringing forward a compensatory claim. That would be the outcome of the question you're asking is as long as the facts are there, it doesn't matter necessarily bring it forth. Let me respond this way. That is not sufficient, and I will tell you that was not sufficient in the following cases. In the Seventh Circuit, in the Brown case, in the First Circuit, in the J.S. case, in the Second Circuit, in the Lowell Bass case, in the Fifth Circuit, in the Lauren C. case, and in the Tenth Circuit, in the Mosley case. In fact, this is what other circuits have, I want the court to understand that you would be fashioning a rule that would be different than the other seven circuits that looked at this. For example, in the Tenth Circuit, the Mosley court on pages 693 through 694 said plaintiff never prayed for compensatory damages. Plaintiff failed to request reimbursement or compensatory services in any way, and I see that my time is over. Mr. Cottle and I have agreed to share the full 20 minutes with the indulgence of the court. I'd like to continue if that's okay and just let it eat into Mr. Cottle's 10 minutes. Go ahead. Great. Your Honor, in the Brown case, Seventh Circuit, and we really respectfully ask the court to look very carefully at the Brown case from the Seventh Circuit, an extensive analysis of all these questions. They said the complaint quote contained no mention of reimbursement, and a claim for damages cannot be inferred from the complaint. So they answered your question, Your Honor, in the Seventh Circuit. They said we don't infer it from facts in a complaint. Our point is, my point is, I guess, slightly different, right? I want to put damages aside. I think their discussion about damages, I think, misses the point. The point is that there is relief, injunctive or otherwise, right, to remedy past harms that remains available in the agency. It doesn't matter whether you provide compensatory education services, which is, I guess, past services. I get they address damages, but I think that's missing the point. And, Your Honor, I will say this to you. I now understand your question. I will submit to this court that not one circuit court in the United States has said that is good enough to survive a case from being moved. They have all said that when it comes to federal court and the child has moved away, graduated, or aged out, you must bring a compensatory claim. It's not good enough that you can still get it at the administrative level. And if I may, the Brown case took on appellant's argument directly in this case. Appellant's argument is if the federal district court judge takes out a shovel and digs into the state administrative proceeding, the judge can harvest jurisdiction by finding a compensatory claim. Here's what the Seventh Circuit said about that. The Seventh Circuit said, quote, since the plaintiffs knew about their reimbursement rights throughout the administrative process and yet did not present that matter in their complaint to the federal district court judge, we must treat it as being abandoned. We ask that you adopt that rationale from the Brown case, the Seventh Circuit, pages 597 through 598, and submit that if you do otherwise, you will be going against the other seven circuits that have looked at this particular issue. So I now understand your question, but no sir, I don't think just because that relief is still available gives a federal district court jurisdiction. That relates back to Judge Keenan's point. That's a traditional appellate remedy is to just simply send it back. We can't confuse the remedy of remand with jurisdiction. Just because a remand would allow the petitioner to seek a remedy does not mean that the petitioner has jurisdiction in federal court. These cases all take that on directly. Yes, it must be in the complaint, and no, it's not good enough if that remedy is still available if you don't present a live controversy when you move away. Had the children not moved away, we wouldn't be having this discussion, Judge Richardson. And all the time, federal district judges remand these cases back to hearing officers to do exactly what you're saying. But those are cases where the child hasn't moved away, graduated, or aged out at this particular time. So I see that I have about six minutes left in my time. I believe that was on my original 10 minutes. I'm sorry, I got... I'm sorry, that was the second 10 minutes. The second 10 minutes. I'm enjoying the argument so much, Your Honors, that I looked up at the clock and didn't realize where that was. Since there's just six minutes left in our argument, unless you have any other questions, I would like to conclude my part and then turn it over to my co-counsel briefly to talk about the changed circumstances, the altered relationship. In the end, what the district court did in this case is unremarkable and fully supported by all the other circuits that have been cited by both parties in this case, all of the circuit-level cases you have before you. What the appellant is asking is remarkable because it is totally unsupported. No case says that you can fail to bring it forward into federal court when the child moves away and that it still being an issue at the administrative level is good enough. So the exact remedy in this particular appeal that the appellant is asking for the Fourth Circuit would be the only circuit in the United States to go that way, and for the reasons Judge Patrick and this being an original action, we don't think looking to the state administrative proceeding to save jurisdiction. Can I just stop, and I know we'll let your colleague talk for a minute, but so help me understand why this type of agency is different from every other agency we reviewed. So we reviewed state and federal agencies in various contexts and take immigration cases. They come directly to us. As a technical matter, because that's an executive agency decision, it's an original action as well, right? It's not an appeal. We think about them as appeals, but they're not. They're original actions. Anytime we review an executive agency, it's an original action, and yet predominantly when we review an executive agency, state or federal, the option is to either seek the relief, right? So asylum in the immigration context, you get asylum. The federal court orders it, but most often what we do is we remand it. If there's an error, we remand it to the executive agency to re-evaluate. So they've made a mistake, but they need to go back and do it again. Why is this agency different from every other agency that we review? Judge, I think I understand your question fully. It's not. What's different about the case at bar is that in special education cases, we must have a rule of what happens as far as mootness when the family moves away. Unlike an immigration case, you have authority over the United States government. It can order them to do or not do whatever you want, but when a child leaves the Charlotte-Mecklenburg schools and goes to another school district, the court can no longer alter the relationship between those two parties. Right, but what I'm asking is a slightly different question, I think. The point is that in an immigration case, if they file an action with our court and they ask for a remand because there was an error, we would not say that they can no longer seek compensatory education because they didn't include it in the action. What they've remanded goes back and then they can get compensatory education. That's the way we treat agencies. I'm just trying to understand why this agency review is different from every other agency review. And this may help. Let me answer that as succinctly as I can. Had they not moved away, then you would treat it like any other case, but they moved away and you have to fashion a rule of how that impacts jurisdiction. Mr. Campbell, though, isn't, I mean, isn't a distinction here, the fact that the district court can take additional evidence. When our court reviews cases on appeal, we ordinarily don't consider additional evidence, do we? No, Your Honor, you do not. And that is a difference, the original action that the court can develop the record. Yes. See, that's what's hanging me up. I'm trying to, and maybe this is a question better put to Mr. Cuddy when he comes up on rebuttal, but I'm trying to consider, I'm trying to think of a case where you have an appeal from a state agency, not a federal agency, where the district court is effectively be treated as an appeal of the state agency proceeding. Seems to me that they're different. But Mr. Cuddy, I think that's more a question for you than Mr. Campbell. So if you could address that. I should have waited for my question. That's quite all right, Your Honor. That's quite all right. I think at this point, I've made the point I wanted to make. If with the court's indulgence, I would like my co-counsel to now address the changed circumstances. And with the court's indulgence of a minute and 30, if he could have a few extra minutes, that would be wonderful. Sure, Mr. Caudill. Thank you. Good afternoon, Your Honors. May it please the court, I'm Chris Caudill, attorney for the appellees, Charlotte-Mecklenburg County Schools. Just to briefly to the arguments on subject matter jurisdiction that Mr. Campbell put forth. There's a separate standalone reason that goes along with mootness, and that is the voluntary actions of the parties in the IEP process. These actions change the legal relationship between the parties and resolve the underlying disputes. These facts alone. So Mr. Caudill, I'm going to jump in to that point. In looking at the district court's order on the ground you're addressing, he said that and the court said that, but it didn't cite any cases. I was thinking about it, and usually for claims to be exhausted or to go away, you have to have a settlement that includes a release or some dismissal with prejudice that is a res judicata situation. What's the authority that says if you reach an agreement that deals with present or future services that are going to be offered, that that extinguishes any claims that might exist for past deficits? I see that my time is almost exhausted, so I'll answer the question. Your Honor, it is unique in the IDA, and it is intertwined with the idea of mootness. The lawsuit and a due process do not operate in a vacuum. The IEP team has to continue to act and continue to look at new information on a monthly, quarterly basis. They have to do that. That's ongoing obligation that's completely separate from a lawsuit. That's not a bad thing. That's a very good thing because if the IEP team is able to look at an issue and they remedy something that is also part of a lawsuit, then that makes that claim moot if there's no other claim that can be monetized. Let me go back to that. AJ is an example. AJ asked for two things. He says, I want it to be re-evaluated, and I want an expanded IEP. In November, you say, all right, we'll re-evaluate you. Yes, Your Honor. That's one of the two things he's asked for, just as an example. That means that you have not provided him full and complete relief. You've given him half of a loaf of bread and now say that he has no claim. Your Honor, I disagree with that, and I can tell you why. Part of AJ's claim was a new IEP. Part of the IEP process, he got a new IEP, or she got a new IEP, along with the re-evaluation. That is the essence of what was requested. Now, to go back to your point with Mr. Campbell, there can, in some cases, be still a claim for compensatory education for the delay. That's something that courts can look at, but that wasn't requested in the AJ case, not even in the petition. I would point your honors to- It was requested before the court, right? It was requested in argument before the court. Yes, Your Honor, it was. The transcript reflects that. In North Carolina, and I'm happy to provide this as a supplementary brief if needed, but there is a rule in North Carolina in due process that you can't raise an issue that was not raised in the petition. You can't do it. I would submit that even if it was raised orally, it's not in the petition, then it can't be sought. But isn't that either an exhaustion or a failure to state a claim potentially issue? I mean, it seems to me that's where it's important to remember if we're talking about mootness or not. I mean, I hear you that that may be fatal to the case, either from an obtained, at least in theory, and he's made a claim for it. Yeah, I'm still having trouble with how that's moot. So I guess I can boil it down very simply, I think, in both cases. We believe that the essence of what was requested initially in the due process petitions have been remedied by subsequent actions of the IEP team. And we believe that since the children have moved, there's no way to fashion a remedy for this court because there's no way to monetize it. There's nothing left that can be provided by this court. So in closing, your honors, I would just sum up my argument and Mr. Campbell's argument that we asked the court to affirm the order of the district court and dismiss all claims with prejudice pursuant to 12b1 of the civil rules of civil procedure. I'm happy to answer any other questions the court has, but if not... Since you've offered it, I'll take you up if you don't mind providing the North Carolina authority requiring sort of exhaustion in the complaint. That'd be helpful and certainly appreciate your argument and Mr. Campbell's as well. Mr. Cuddy, you've got some time on reply. Thank you. Thank you, your honor. Tom F is a Supreme Court case in which the child was not classified. The parents sought special education relief in the form of reimbursement for a private school and the Supreme Court ruled that you cannot deny the child special education rights by depriving them of special education classification. I think that'll be right on point to guide the court. I believe it'll be helpful if the court looks to the specific jurisdiction that is granted in the IDEA to this court in reviewing these types of cases and the right to appeal is available to the party that's aggrieved of the finding and decisions of the hearing officers and the state and in the IDEA, the procedural violations can rise to the level of being a deprivation of fate if they interfere with the parent's rights in developing the IEP and this entire process in North Carolina with the hearing officer, the administrative law judge and the state review officer deprived her of participation in this process. The issue of mootness, we still have two claims related to IEEs and compensatory education that potentially have dollars. Can I interrupt you and ask this question? I think Judge Kenan has a good question. I want to be sure I get what I think is your best response to it. I take in part her point to be Kirkpatrick because this is an original action that we actually lack the authority to remand or the district court lacks the authority to remand the case for the agency to make a decision. You are required under Kirkpatrick to put the evidence on and make your case in front of the district court. Why do you think that is wrong? Why shouldn't I treat Kirkpatrick that way? That original action requires you to put your evidence on and make your case before the district court? I am aware, your honor, of at least one other case where a remand was done and this was in Texas and off the top of my head I can't recall the site to that as it just recently occurred. I believe there's other case law but not at my fingertips of where remands have occurred. But why? I mean I understand you got some case that's done it but why in an original action is that part of the remedy that's available to you? I think this is a very unique first impression for me and likely first impression for this court where the administrative process did not comply with the administrative process that is defined in the IDEA and without it the court would not necessarily have the information and it would be a burden on the court if every case had to come up and be heard at the court level instead of at the administrative level. Just as we pursued this we believe that it made more sense to have a remand than to push forth a trial in court. Thank you, your honor. Do you have anything further? No, your honor. Okay, thank you, counsel. As you as you know now having listened to us we would love to come down and shake your hands and thank you in person for your argument participation in this process but we'll do it virtually today. Thank you for being here.
judges: Julius N. Richardson, A. Marvin Quattlebaum Jr., Barbara Milano Keenan